**MICHAEL F. DONOVAN**
**ATTORNEY AT LAW**
180 First Street West, Suite 107
P.O. Box 1172
Ketchum, Idaho 83340-2984
Tele: (208) 726-8219
Fax: (208) 726-3750
Idaho State Bar No. 2314
michael@michaeldonovanlaw.com

**JARED C. KIMBALL**
**KIMBALL LAW, PLLC**
335 Spruce Ave.
Ketchum, Idaho 83340
Tele: (208) 309-3135
Idaho State Bar No. 5491
Jared.kimball.sftc@gmail.com

Attorneys for Defendant

## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JENNIFER ELLWAY HEEKIN,<br><br>Plaintiff,<br><br>v.<br><br>PETER KILPATRICK HEEKIN,<br><br>Defendant. | Case No. 1: 25-cv-402<br><br><br>NOTICE OF REMOVAL |

**TO:   THE PLAINTIFF AND ATTORNEYS OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT AND TO HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441(b) and 1446,

Defendant Peter Kilpatrick Heekin ("Defendant P. Heekin") hereby removes the case captioned,

*Jennifer Ellway Heekin v. Peter Kilpatrick Heekin*, (State Court Case Number CV07-25-00368)

from the District Court, Fifth  Judicial District, Blaine County, State of Idaho, to the U.S. District

NOTICE OF REMOVAL/1

Court for the District of Idaho on the ground that jurisdiction exists under 28 U.S.C. § 1332(a)(1). In support of removal under 28 U.S.C. § 1441(b), Defendant P. Heekin states as follows:

## BACKGROUND

1.      On June 2, 2025, Plaintiff Jennifer Ellway Heekin ("Plaintiff") filed a Complaint and Demand for Jury Trial ("Complaint") against Defendant P. Heekin in the District Court, Fifth Judicial District, Blaine County, State of Idaho, Case No. CV07-25-00368 (Hereinafter, the "State Court Action").  **Attachment 1**, (*Complaint and Demand for Jury Trial*); **Attachment 2**, (*Summons*); *see also*, **Attachment 3**, (*State Court Docket*).

2.      The allegations in the Complaint arise from an alleged tort. **Attachment 1** (*Complaint*) at ¶¶ 3, 5-11.  Plaintiff claims "On June 23m 2023, Peter [Defendant P. Heekin] struck Jenny while she was holding a coffee cup causing a laceration on Jenny's forehead and breaking Jenny's left index finger." *Id*. at ¶ 9.

3.      Plaintiff asserts that "[b]ased on the battery Peter perpetrated against Jenny on June 23, 2023, Peter pled guilty to felony domestic battery in the case styled *State v. Heekin*." (*Id.* at ¶11.)

4.      The Complaint contains claims for relief against Defendant, P. Heekin, to-wit: (1) Battery; (2) Intentional Infliction of Emotional Distress and (3) (*Id.* ¶¶ 13-24).

5.      The Complaint also seeks a reservation to seek leave "to add a claim for punitive damages under Idaho Code § 6-1604".   (*Id.* ¶ 25).

6.      Defendant P. Heekin denies all of Plaintiff's allegations as contained and recited in her Complaint and Demand for Jury Trial.

## GROUNDS FOR REMOVAL

## I.    REMOVAL IS TIMELY

7.    Undersigned counsel Michael F. Donovan accepted service of Plaintiff's Complaint on June 24, 2023. **Attachment 4**, (*Acceptance of Service*).

8.    Removal of this action is therefore timely under 28 U.S.C. § 1446(b)(1). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (stating that "defendant's period for removal will be no less than 30 days from service").

## II.    DIVERSITY OF CITIZENSHIP EXISTS

9.    There is complete diversity of citizenship among the opposing parties.

10.    A notice of removal need only plausibly allege facts establishing diversity jurisdiction. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87-89 (2014). Extrinsic proof of facts establishing diversity jurisdiction may be required only when the plaintiff challenges or the court questions jurisdiction. *See id*.

11.    "The jurisdictional structure at issue in this case has remained basically unchanged for the past century." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 7 (1983). Subject to certain exceptions not applicable here, "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

12.    A party pleading diversity jurisdiction need only plead the state of domicile and citizenship of the parties. *Mikelson v. Conrad*, No. 20-1271, 2021 WL 30225, at *2 (10th Cir. Jan. 5, 2021).

13.    If a complaint on its face alleges that the amount in controversy exceeds the

minimum required to invoke diversity jurisdiction ($75,000), and all of the other requirements for diversity jurisdiction are met, the action is removable. 28 U.S.C. § 1332; *Adkins v. J.B. Hunt Transp., Inc.,* No. CV 2:18-28, 2018 WL 1392893, at *2 (E.D. Cal. Mar. 20, 2018); *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283, 289 (1938).

14.    Defendant is a citizen of and domiciled in New Mexico. **Attachment 5**, (*Declaration of Defendant in Support of Notice of Remov*al) at ¶¶ 5-17).

15.    Plaintiff's Complaint alleges that "Plaintiff, Jennifer Ellway Heekin ("Jenny"), is an adult resident of Blaine County, Idaho."  **Attachment 1**, (*Complaint*) at ¶ 1).

16.    Defendant avers and asserts that to the best of knowledge and belief, Plaintiff is a citizen of the State of Idaho, domiciled in Blaine County, Idaho. **Attachment 5**, (*Declaration of Defendant in Support of Notice of Removal*) at ¶ 18.

17.    Plaintiff's Complaint alleges "Defendant, Peter Kilpatrick Heekin ("Peter"), is an adult resident of Sante Fe, Mexico."  **Attachment 1**, (*Complaint*) at ¶ 2).

18.    Under these factors and through Plaintiff's Complaint, records and knowledge, Defendant is informed and believes that Plaintiff was and still is a citizen of Idaho, domiciled in Idaho, her true, fixed, and permanent home and principal establishment, and to which she intends to return whenever absent.

19.    Under these factors and through Plaintiff's allegations, records and knowledge, Defendant is informed and believes that Defendant was, and still is, a citizen of New Mexico, domiciled in New Mexico, his true, fixed, and permanent home and principal establishment, and to which he intends to return whenever absent.

20.    Based on the foregoing, the record demonstrates competent statutory diversity jurisdiction. *See* 28 U.S.C. § 1332.

NOTICE OF REMOVAL/4

21.     Because the parties are citizens of different states, and because Defendant P. Heekin is not a citizen of Idaho, complete diversity exists, and removal is proper. *See* 28 U.S.C. §§ 1332(a)(1), and 1441.

### III.    THE AMOUNT INCONTROVERSY EXCEEDS $75,000, EXCLUSIVE OF INTEREST AND COSTS

22.     The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as is required to maintain diversity jurisdiction. *See Dart Cherokee*, 574 U.S. at 89 ("[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

23.     According to allegations in the Complaint, Plaintiff ". . . has been damaged by Peter [Defendant's] intentional infliction of emotional distress in an amount determined at trial." **Attachment 1**, (*Complaint*) at ¶ 24).

24.     Plaintiff then prays for relief "[f]or the entry of money judgment against Peter [Defendant] and in favor of Jenny [Plaintiff] in an amount to be established and proven at trial, but in excess of $100,000." *Id.* at p. 5.

25.     Defendant, P. Heekin, disputes Plaintiff's damages averments and disputes Plaintiff's damages claim.

26.     In light of the foregoing, the amount in controversy well-exceeds $75,000, exclusive of interest and costs.

### VENUE

27.     Venue is proper in the District of Idaho under 28 U.S.C. §§ 1391(b)(2) and 1446(a).

**PROCESS, PLEADINGS, AND ORDERS SERVED**

28.     As required by 28 U.S.C. § 1446(a), Civil Local Rule 81.1, and this Court's Electronic Case Filing Procedures (Effective January 16, 2006), copies of service of process, pleadings, and orders filed in the State Court Action are being provided along with this Notice of Removal.

**NOTICE OF REMOVAL**

29.     Defendant will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the District Court, State of Idaho in the County of Blaine. The Notice of Removal is concurrently being served on all parties.

30.     Under 28 U.S.C. § 1446, the filing of a copy of this Notice with the Clerk of the State Court effects the removal of the State Court Action. A copy of the Notice of Filing of Notice of Removal is filed contemporaneously herewith.

**NO WAIVER**

31.     No waiver, and no admission of fact, law, or liability, including, without limitation, the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved. Further, to the extent the Court has any questions regarding the issue of diversity of citizenship between the parties, Defendant P. Heekin reserves the right to conduct limited discovery on the issue of diversity jurisdiction, as allowed by *McPhail v. Deere & Co.*, 529 F.3d 947, 954 (10th Cir. 2008).

**CONCLUSION**

For all of the foregoing reasons, Defendant P. Heekin respectfully requests and removes the State Court Action to the United States District Court for the District of Idaho pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446.

Dated: June 22, 2025,                    Respectfully submitted,

By:          *s/ Michael F. Donovan*

**MICHAEL F. DONOVAN
ATTORNEY AT LAW**

By:          *s/ Jared C. Kimball*

**JARED C. KIMBALL
KIMBALL LAW, PLLC**

*Attorneys for Defendant, Peter Kilpatrick Heekin*