Case 1:25-cv-00402-DCN   Document 1-1   Filed 07/22/25   Page 1 of 6

Electronically Filed
6/2/2025 4:35 PM
Fifth Judicial District, Blaine County
Stephen F. Graham, Clerk of the Court
By: April Pina, Deputy Clerk

Ron R. Shepherd, ISBN 6593
V. Renee Karel, ISBN 9050
Susan Lynn Mimura, ISBN 3033
SHEP LAW GROUP
1990 North Meridian Road
Meridian, ID  83646
Telephone:  (208) 887-3444
Facsimile:  (208) 887-3443
Direct:    ron@sheplawgroup.net
           susan@sheplawgroup.net
           renee@sheplawgroup.net
E-filing:  efile@sheplawgroup.net

Attorneys for Plaintiff

## IN THE DISTRICT OF THE FIFTH JUDICIAL DISTRICT OF

## THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BLAINE

| | |
|---|---|
| JENNIFER ELLWAY HEEKIN, | Case No. CV07-25-00368 |
| Plaintiff, | COMPLAINT AND DEMAND FOR JURY TRIAL |
| v. | |
| PETER KILPATRICK HEEKIN, | Fee Category:  A.A.6. |
| Defendant. | Filing Fee:  $221.00 |

The above-named Plaintiff, Jennifer Ellway Heekin, for her cause of action against the above-named Defendant, Peter Kilpatrick Heekin, complains and alleges as follows:

### PARTIES

1. Plaintiff, Jennifer Ellway Heekin ("Jenny"), is an adult resident of Blaine County, Idaho.

2. Defendant, Peter Kilpatrick Heekin ("Peter") is an adult resident of Santa Fe, New Mexico.

COMPLAINT AND DEMAND FOR JURY TRIAL – 1

ATTACHMENT 1

## JURISDICTION AND VENUE

3. Jurisdiction is proper under Idaho Code § 1-705 in the state of Idaho because this matter involves a dispute involving a tort that occurred in the state of Idaho between residents of the state of Idaho. The amount in controversy is in excess of $10,000.

4. Venue is proper in Blaine County under Idaho Code § 5-404 because the Defendant resides out of state and the facts giving rise to this claim occurred in Blaine County.

## GENERAL ALLEGATIONS

5. Jenny and Peter were married in 1998.

6. After getting married, Peter began to exhibit violent and controlling behavior toward Jenny.

7. Peter mentally, emotionally, financially and physically abused and oppressed Jenny during their marriage.

8. Peter's abuse and oppression of Jenny got progressively worse as time went on.

9. On June 23, 2023, Peter struck Jenny while she was holding a coffee cup causing a laceration on Jenny's forehead and breaking Jenny's left index finger.

10. Jenny attempted to call 911, but Peter forcibly removed Jenny's cell phone from her, turned the cell phone off and left in his vehicle with Jenny's cell phone, thereby leaving Jenny alone, battered, injured and without a way to contact emergency personnel.

11. Based upon the battery Peter perpetrated against Jenny on June 23, 2023, Peter pled guilty to felony domestic battery in the case styled *State v. Heekin*, Blaine County Case No. CR07-23-02232.

COMPLAINT AND DEMAND FOR JURY TRIAL – 2

## ALLEGATIONS INCORPORATED BY REFERENCE

12. Each and every one of the following counts incorporate by reference each and every allegation of this Complaint whether such allegation is specifically set forth under a particular count or not.

## COUNT I
### (Battery)

13. Peter intentionally battered Jenny on June 23, 2023, by physically hitting her and causing injury to her.

14. Peter's intentional act of battering Jenny was both harmful and offensive.

15. Jenny did not consent to such harmful or offensive contact.

16. Peter's battery of Jenny proximately caused Jenny the following damages, among others:

   a. Medical expenses for emergency room visit, doctor visits, and medications, among other things;

   b. Future medical expenses for necessary and proper care; and

   c. Pain, suffering and inconvenience.

17. Jenny is entitled to a judgment against Peter in an amount to be determined at trial.

## COUNT II
### (Intentional Infliction of Emotional Distress)

18. Peter exerted physical intimidation, emotional abuse and financial oppression over Jenny in order to control her.

19. Peter's abuse, intimidation and control of Jenny included, among other things, the following acts:

COMPLAINT AND DEMAND FOR JURY TRIAL – 3

    a.    Hitting Jenny's vehicle mirror and breaking it to intimidate Jenny;

    b.    Smashing and destroying Jenny's cell phone;

    c.    Restricting Jenny's access to financial resources so as to financially oppress her;

    d.    Stating that the only solution to Jenny's and Peter's marital problems was to kill them both, and then yanking on the steering wheel and attempting multiple times to throw the car into park as Jenny drove the vehicle down the highway; and

    e.    Physically hitting and otherwise touching Jenny in an offensive and unwanted manner in order to control and punish Jenny.

20.    Peter's extreme and outrageous conduct as set forth herein caused Jenny severe emotional distress that was accompanied by physical manifestations of injury including, without limitation, the following:

    a.    Panic attacks;

    b.    Increased heart rate;

    c.    Loss of sleep/inability to sleep;

    d.    Headaches;

    e.    Chronic fatigue and exhaustion;

    f.    Depression and mood swings;

    g.    Chest pain and heart attack like symptoms;

    h.    Nausea and stomachs pains; and

    i.    Physical scarring.

21. Jenny has sought counseling as a result of Peter inflicting emotional distress upon Jenny.

22. Jenny has sought medical attention due to experiencing heart attack like symptoms caused by Peter inflicting emotional distress upon Jenny such that Jenny's EKG results showed an abnormal heart rate.

23. Jenny has slept in her car for extended periods of time in order to avoid Peter inflicting severe emotional distress upon Jenny.

24. Jenny has been damaged by Peter's intentional infliction of emotional distress in an amount to be determined at trial.

## PUNITIVE DAMAGES

25. Peter's conduct in this matter was extreme and outrageous such that it warrants the imposition of punitive damages. Jenny, therefore, expressly reserves the right to seek leave to add a claim for punitive damages under Idaho Code § 6-1604.

## COSTS AND ATTORNEY FEES

26. Jenny has been required to retain the law office of Shep Law Group to prosecute this action. Jenny is entitled to an award of costs and attorney fees incurred in bringing and pursuing this action under I.R.C.P. 54(d) and 54(e) as well as Idaho Code § 12-121.

## PRAYER FOR RELIEF

WHEREFORE, Jenny prays for relief as follows:

1. For the entry of money judgment against Peter and in favor of Jenny in an amount to be established and proven at trial, but in excess of $100,000;

2. For leave to amend this Complaint to add a claim for punitive damages;

COMPLAINT AND DEMAND FOR JURY TRIAL – 5

3. For an award of costs incurred herein;

4. For an award of attorney fees incurred herein; and

5. For such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Jenny respectfully demands, pursuant to I.R.C.P. 38, a jury trial on all issues triable of right by jury. Jenny is not willing to stipulate to a jury of less than twelve jurors.

DATED this 2nd day of June 2025

SHEP LAW GROUP


           /s/ Ron R. Shepherd
RON R. SHEPHERD
Attorney for Plaintiff

COMPLAINT AND DEMAND FOR JURY TRIAL – 6